T.C. Memo. 2010-148

UNITED STATES TAX COURT

HARRY K. AMESBURY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23871-08.                    Filed July 12, 2010.

Harry K. Amesbury, pro se.

<u>Stephen R. Takeuchi</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of $3,614
in petitioner's Federal income tax for 2004 and additions to tax
under sections 6651(a)(1) and (2) and 6654(a).  Respondent has
now conceded the addition to tax under section 6651(a)(2).  The
main issue for decision is whether petitioner is liable for the
10-percent penalty for early withdrawal from an individual

retirement account (IRA).  All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been deemed stipulated under Rule 91(f) by reason of petitioner's failure to respond to an order to show cause.  Petitioner resided in Florida at the time that he filed his petition.

During 2000, petitioner purchased securities through E-Trade Securities.  At some point in 2000, the securities were sold to satisfy petitioner's debt for stocks acquired on margin. Petitioner did not file a Federal income tax return for 2000.  In about 2003, he was contacted by the Internal Revenue Service (IRS) because the proceeds of the securities sold to pay his debt were reported to the IRS.  The IRS assessed a tax liability for 2000 and placed a lien on petitioner's property.

During 2004, in order to avoid IRS collection efforts related to the assessment for 2000, petitioner withdrew $20,444 from his USAA Federal Savings Bank IRA.  Petitioner also received $361 in interest during 2004.  Thereafter petitioner was able to show that he did not have a gain on sale of the securities, the assessment was abated, and the lien was released.

Petitioner did not file a Federal income tax return for 2003 or 2004. Respondent determined a deficiency for 2004 that included income tax and an additional tax of 10 percent on the early withdrawal from the IRA, as well as additions to tax for failure to file and for failure to pay estimated taxes.

OPINION

Section 72(t)(1) imposes an additional tax of 10 percent on amounts received from a qualified retirement plan, absent exceptions set forth in section 72(t)(2).

Petitioner does not dispute his receipt of income or his failure to file a return for 2004. His entire argument is that the IRS was wrong in actions taken starting in 2003 to collect taxes erroneously determined for 2000 and that the wrongful conduct caused the early withdrawal from his IRA.

Although petitioner's liability for the tax year 2000 is not before us, the parties were invited to supplement the record after trial with an explanation of what occurred with respect to petitioner's 2000 liability, but petitioner declined the invitation. He prefers to assert, without factual foundation, that he was treated wrongfully by the IRS and that, therefore, he should not be held liable for the amounts determined for 2004. Even if he were correct that IRS actions with respect to 2000 were erroneous, which we cannot conclude, those actions would not affect his liability for 2004. He has not shown any error in

respondent's determination, and he has not shown any applicable exception to the additional tax imposed under section 72(t). Because the material facts in this case are deemed stipulated and otherwise are undisputed, there is no issue with respect to burden of production or burden of proof under section 7491.

Petitioner's argument does not constitute reasonable cause for his failure to file a return for 2004, and he is liable for the addition to tax under section 6651(a)(1). Because he failed to file a return for 2003, he was required to pay estimated taxes equal to 90 percent of the tax owed for 2004. See sec. 6654(d)(1)(B). He failed to make those payments, and no exception to the addition to tax under section 6654 applies. See Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).

To reflect the foregoing, including respondent's concession,

Decision will be entered
for respondent except for the
section 6651(a)(2) addition to
tax.